(Reap. Dec. 9609)

FRANK P. DOW CO., INC., A/C UNITED CHINA & GLASS CO. ET AL. *v.*
UNITED STATES

Entry No. 9718, etc.

(Decided February 25, 1960)

*Stein & Shostak* for the plaintiffs.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement listed in the schedule of cases, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the Appeals for Reappraisement enumerated in the attached Schedule of Cases, that, at the time of exportation to the United States, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for exportation to the United States, including the cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States were the appraised values less additions made to meet the advances by the Appraiser in similar cases covering the nondutiable so-called f.o.b. charges for inland freight, insurance premium, storage, hauling and lighterage, petties, etc., added by the importer on entry.

IT IS FURTHER STIPULATED AND AGREED that there were no higher foreign values for merchandise such or similar to the merchandies covered by the Appeals for Reappraisement enumerated in the attached Schedule of Cases, at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the Appeals for Reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find and hold the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the involved merchandise, and that such values were the appraised values, less additions made to meet the advances by the appraiser in similar cases covering the nondutiable so-called f.o.b. charges for inland freight,

insurance premiums, storage, hauling and lighterage, petties, etc., added by the importer on entry.

Judgment will be entered accordingly.